UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KENNETH  R. ZARTNER

Plaintiff,

vs.

CITY AND COUNTY OF DENVER, COLORADO,
SHAWN L. MILLER,
DAVID PACHECO,
ROBERT MAZOTTI,
MARIO GALLARDO
CRAIG PENSON,
JEFFREY STEED,
RICHARD GILSTRAP and
APRIL KULHANEK, R.N.
Defendants.

_____

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND
_____

NOW COMES the Plaintiff, Kenneth R. Zartner, by and through his

attorney, Brice A. Tondre, and for his original complaint against the Defendants

named hereinafter states as follows:

### PARTIES

1.      The Plaintiff, Kenneth R. Zartner, is an individual citizen of the State

of Colorado.

2.      Defendant City and County of Denver, Colorado is a combined city

and county which maintains a police department and a sheriff's office. The

sheriff's office runs the Denver County detention centers.

3.      Defendant Shawn L. Miller was at all relevant times a police officer

employed by the city and county of Denver, Colorado

4.      Defendant David Pacheco was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

5.      Defendant Robert Mazotti was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

6.      Defendant Mario Gallardo was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

7.      Defendant Craig Penson  was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

8.      Defendant Jeffrey Steed was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

9.      Defendant Richard Gilstrap was at all relevant times a deputy sheriff

employed by the city and county of Denver, Colorado.

10.     Defendant April Kulhanek, R.N. was at all relevant times a nurse

employed by the city and county of Denver, Colorado.

## JURISDICTION

11.     This Court has jurisdiction of this matter pursuant to 28 U.S.C.

§1343(a)(3)  in that the causes of action alleged herein arise under the laws and

constitution of the United States.

## FACTS COMMON TO ALL CLAIMS

12.     On October 9, 2013, at 2:35 p.m. Plaintiff was arrested by Defendant

Miller and placed in handcuffs which Defendant Miller made sadistically tight.

Plaintiff was transported to the district 3substation of the Denver Police

Department. At 7:40 p.m. district 3 requested that Plaintiff be picked up by the

sheriff's department and transported to the Van-Cise Simonet Detention Center

("DDC"). Plaintiff  arrived at the DDC at 8:15 p.m. and began the booking

process.

13.     Defendant Miller had a long history of using excessive force in

connection with arrests. Denver was fully aware of Defendant Miller's prolific use

of excessive force but did nothing to stop Defendant Miller's sadistic abuse of

power.

14.     During the booking process, Plaintiff  resisted being fingerprinted

because of the of the excruciating  pain he was experiencing as a result of the

injury to his wrists by the sadistic handcuffing by Defendant Miller.

15.    Plaintiff remained in the booking area from arrival to 6:00 a.m. on October 10, 2013, when the sergeant on duty, Defendant Penson, ordered Plaintiff's fingerprints to be taken by force.

16.    Defendants Pacheco, Mazotti, Gallardo and Penson jointly took Plaintiff's fingerprints by force. Defendant Pacheco applied OPN's to Plaintiff's right wrist, Defendant Gallardo applied an arm lock, Defendant Penson directed the application of force and Defendant Mazoti manipulated Plaintiff's wrists and took his fingerprints. Throughout the process Plaintiff was in excruciating pain and his handcuff injury was exacerbated.

17.    When the forceful process was completed, Defendant Galardo escorted Plaintiff to be evaluated by Defendant Kulhanek to determine if Plaintiff was injured. Defendant Kulhanek falsely reported that Plaintiff had no injuries.

18.    Plaintiff was suffering extreme pain when he entered DDC. He was in need of  care for a serious injury. Forcefully taking Plaintiff's finger prints rather than providing medical care constituted deliberate indifference to a serious medical need and the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

19.    On October 14, 2013, Plaintiff was evaluated by Christian Stob, M.D. who diagnosed an injury to Plaintiff's right wrist and ordered an x-ray, thus

belying Defendant Kulhanek's report of no injury.

20.    On October 15, 2013, Plaintiff's right wrist was x-rayed. It showed a

triquetral chip fracture.

21.    When Plaintiff's finger prints were processed it was found that he was

wanted by Arapahoe county.

22.    On October 15, 2013, Plaintiff was transferred to the Arapahoe county

detention facility where his right wrist was evaluated and placed in a splint.

23.    On November 26, 2013, Plaintiff was arrested and returned to the

DDC.

24.    While in the intake waiting area, Plaintiff was experiencing severe

abdominal pain which he thought may have been due to a hernia. In order to

relieve the pain, Plaintiff elevated his feet and placed them on the seat of an

adjacent chair. Defendant Gilstrap, the intake officer, ordered Plaintiff to remove

his feet from the chair. Plaintiff informed Defendant Gilstrap that he was elevating

his feet because of severe abdominal pain. Defendant Gilstrap responded. "I don't

give a fuck!"

25. When Plaintiff did not remove his feet from the chair, Defendant Steed

took Plaintiff to a holding cell where Defendants Steed and Gilstrap began the

process of placing Plaintiff in restraints. When he informed them that he was still

suffering from the prior injury to his wrists and hands, they disregarded the risk of

exacerbating the prior injury and ratcheted the handcuffs tight to his wrists.

Defendants Gilstrap and Steed then proceeded to restrain him to an "O" ring on a

bench in the cell. In the process, Steed placed Plaintiff in a gooseneck hold.

26. Defendant Penson was aware of the prior injury since he participated in

causing the injury.  Defendant Penson  did nothing to stop Defendants Gilstrap and

Steed from exacerbating the prior injury.

27. The process of restraining Plaintiff , coupled with his severe  abdominal

pain, caused excruciating pain and aggravated his prior injury. He was handcuffed

to an "O" ring where he was left to languish in excruciating pain from the

abdominal condition and the pain from the method by which he was chained to the

O-ring.

28. Defendant Kulhanek was asked by Defendant Penson to evaluate

Plaintiff to determine if he was injured by the use of force. Defendant Kulhanek

reported that Plaintiff received minor injuries to his wrists. Defendant Kulhanek

did not evaluate Plaintiff for the abdominal pain. She did determine that the right

cuff was too tight.

29.    After repeated complaints of severe abdominal pain Plaintiff was

evaluated on December 2, 2013 by a nurse who did care. A course of care ensued

and continued through March 18, 2014.

30.     After repeated complaints with respect to his wrists Plaintiff was

evaluated on March 10, 2014, by Dr. Christian Stob. This resulted in referral to Dr.

Banegas, a wrist and hand specialist at Denver Health Medical Center. After

imaging studies, an EMG and physical examinations, Dr. Banegas diagnosed nerve

damage to both wrists and recommended surgery which was performed on both

wrists in mid 2015.

31.     The nerve damage which resulted in the surgeries was caused by the

cumulative trauma by the Defendants on October 9 and 10, 2013 and November

27, 2013.

32.     As a result of the injuries Plaintiff has suffered economic and non-

economic damages, disfigurement and disability.


**FIRST CLAIM FOR RELIEF**

33.     Plaintiff incorporates by reference the allegations contained in

paragraphs 1 through 32 above.

34.     At all times relevant to the claims asserted herein, Defendant Miller

was acting under color of state law.

35.     Defendant Miller knowingly and intentionally hand cuffed Plaintiff so

tightly that the handcuffs caused excruciating pain and injury to the nerves of both

of Plaintiff's wrists and hands.

36.    At the time of the handcuffing of Plaintiff, the law was clearly

established that the use of excessive force in connection with an arrest is a

violation of the Fourth Amendment to the United States Constitution.

37.    Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to recover damages

caused by the violation of his rights not to be subjected to excessive force in

violation of the Fourth Amendment to the United States Constitution.  Pursuant to

42 U.S.C. § 1988, Plaintiff is entitled to recover his attorney's fees and costs

incurred in prosecuting this action.

38.    The conduct of Defendant Miller alleged herein caused severe

physical injury to Plaintiff's wrists.

39.    As a direct and proximate result of the excessive force used by

Defendant Miller Plaintiff has suffered economic and non-economic damages,

disfigurement and disability.

40.    The conduct of the Defendant Miller was in reckless and callous

indifference to Plaintiff's federally protected rights justifying the award of punitive

damages. Defendant Miller has a long and frequent history of the use of excessive

force which demonstrates that he enjoys hurting persons whom he arrests.

## SECOND CLAIM FOR RELIEF

41.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42.     Prior to Plaintfiff's arrest by Defendant Miller the Defendant City and County of Denver had received numerous complaints regarding the use of excessive force by Defendant Miller. Defendant Miller was not disciplined for his use of excessive force. The City and County of Denver chose to ignore the probability of harm of which it had been put on notice by a past pattern of wrongful acts

43.     Based on its prior notice of  Defendant Miller's regular use of excessive force and its failure to take any action to stop this abuse of power, the City and County of Denver was clearly and deliberately indifferent to the probability that  he would continue his unconstitutional conduct.

44.     Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to recover damages caused by the deliberate indifference of the City and County of Denver. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover his attorneys fees and costs incurred in prosecuting this action.

45.     As a result of the deliberate indifference to the risk of probable harm, the City and County of Denver is liable for the injury sustained by Plaintiff as a

result of Defendant Miller's use of excessive force in connection with his arrest of

Plaintiff.

46.     Defendant Miller's use of excessive force caused permanent nerve

damage to Plaintiff's wrists and hands which proximately caused Plaintiff to suffer

economic and non-economic damages, disfigurement and disability.

## THIRD CLAIM FOR RELIEF

47.     Plaintiff incorporates by reference the allegations set forth in

paragraphs 1 through 46 above.

48.     At all times relevant to the claims asserted herein, Defendants

Pacheco, Mazotti, Gallardo and Penson were acting under color of State law.

49.     On October 10, 2013, said Defendants were on notice that Plaintiff

was suffering from injury to his wrists and hands which made manipulation thereof

excruciatingly painful. Under the circumstances presented, it was unreasonable to

use force on Plaintiff's hands and wrists and the failure to have his wrists and

hands examined by a qualified health care provider prior to manipulating

Plaintiff's wrist and hands was deliberately indifferent to his serious medical

needs. This conduct was a clearly established violation of the Fourth and

Fourteenth Amendments of the Constitution of the United States.

50.     Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to recover damages

caused by the violation of his Fourth and Fourteenth Amendments to the United

States Constitution. Pursuant to 42 U.S.C.§1988, Plaintiff is entitled to recover his

attorney's fees and costs incurred in prosecuting this action.

51.    The conduct of said Defendants caused an exacerbation of the nerve

damage caused by Defendant Miller.

52.    Said conduct caused economic and non-economic damages,

disfigurement and disability to Plaintiff.

53.    The conduct of said Defendants was in reckless and callous

indifference to Plaintiff's federally protected rights justifying the award of punitive

damages.

## FOURTH CLAIM FOR RELIEF

54.    Plaintiff incorporates by reference the allegations contained in

paragraphs 1 through 53 above.

55.    At all times relevant to the claims asserted herein, Defendants

Gillstrap, Steed and Penson  were acting under color of State law.

56.    On November 26, 2013, while in the intake waiting area of the

detention center, Plaintiff was suffering from severe abdominal pain. To relieve

that pain he elevated his feet and placed them on an adjacent chair.  Defendant

Gilstrap, the intake officer, ordered Plaintiff to remove his feet from the chair.

Plaintiff informed Defendant Gilstrap that he was elevating his feet to relieve

severe abdominal pain, to which Gilstrap responded that he "did not give a fuck."

When Plaintiff did not remove his feet from the chair, Defendant Gilstrap grabbed

Plaintiff by the wrists which were still swollen and painful from the prior injury .

Plaintiff informed Defendants Gilstrap, Steed and Penson of the injury to his hands

and wrists. The Defendants response was to take him to a cell, put him in a

gooseneck hold and ratchet handcuffs tightly to Plaintiff's injured wrists. They

then cuffed him to an "O" ring and left him to languish in abdominal and wrist

pain. Said Defendants acted unreasonably in using force rather than having

Plaintiff evaluated for his severe abdominal pain. Instead they used excessive force

and were deliberately indifferent to Plaintiff's serious medical condition in clearly

established violation of the Fourth and Fourteenth Amendments to the United

States Constitution.

57.    Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to recover damages

caused by the violation of his rights to  not be subjected to excessive force  and

not to be denied care for his serious medical needs. Pursuant to 42 U.S.C. §1988,

Plaintiff is entitled to recover his attorneys fees and costs incurred in prosecuting

this action.

58.    The conduct of said Defendants caused an exacerbation of the nerve

damage to Plaintiff's wrists and hands and prolonged the suffering from his abdominal condition.

59.    Said conduct caused economic and non-economic damages, disfigurement and disability.

60.    The conduct of said Defendants was in reckless and callous indifference to Plaintiff's federally protected rights justifying the award of punitive damages.

## FIFTH CLAIM FOR RELIEF

61.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 above.

62.    At all times relevant to the claims asserted herein, Defendant Kulhanek was acting under color of State law.

63.    Defendant Kulhanek's failure to have Plaintiff evaluated by a hand and wrist medical professional on October 10, 2013, and an abdominal medical professional on November 27, 2023, were in deliberate indifference to Plaintiff's serious medical needs both of which were clearly established violations of the Fourteenth Amendment to the United States Constitution.

64.    Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to recover damages caused by the deliberate indifference to his serious medical needs in violation of

the Fourteenth Amendment to the United States Constitution. Pursuant to 42

U.S.C. §1988 Plaintiff is entitled to recover his attorneys fees and costs incurred in

prosecuting this action.

65.    The conduct of Defendant Kulhanek prolonged and exacerbated

Plaintiff's medical conditions to which she was deliberately indifferent.

66.    As a direct and proximate result of Defendant Kulhanek's deliberate

indifference Plaintiff suffered economic and non-economic damages,

disfigurement and disability.

67.    The conduct of Defendant Kulhanek was in reckless and callous

indifference to Plaintiff's federally protected rights justifying the award of punitive

damages.

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and

answer herein and that upon trial of this matter Plaintiff be awarded judgment for

the damages found by the trier of fact, both compensatory and punitive, that he be

awarded his attorney's fees and costs incurred in prosecuting this action, pre and

post judgment interest allowed by law and that he be granted such other and further

relief as the Court deems appropriate in the circumstances.

**PLAINTIFF DEMANDS TRIAL TO A JURY GUARANTEED BY THE
CONSTITUTION OF THE UNITED STATES AND PRESERVED BY RULE
38 F.R.C.P.**

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-238-5310
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF


Plaintiff's address:
1632 York, Apt. 4
Denver, CO 80206